**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**SCOTT LEE JONES** **PLAINTIFF**

**v.** **Case No. 2:20-cv-00167-KGB-JTK**

**ANDREW SAUL, *Commissioner*,
Social Security Administration** **DEFENDANT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Scott Lee Jones filed an application for supplemental security income on March 22, 2017.[1] *See Doc.* 8-3 at 10. After his claim was denied initially and upon reconsideration, he requested another hearing. *See id.* An administrative law judge held a hearing on April 12, 2019 and issued a decision denying Jones's request on May 20, 2019. *See id.* at 7-19. Jones appealed that decision, and the Appeals Council denied his request for review on June 8, 2020. *See id.* at 1. He filed this complaint seeking review of that denial on August 17, 2020. *See Doc.* 2.

On November 17, 2020, Defendant Andrew Saul ("the Commissioner") filed a motion to dismiss Jones's complaint for untimely filing. *Doc.* 8. This Court found cause to extend Jones's deadline since he is proceeding *pro se* and gave him until December 17, 2020 to respond. *See Doc.* 9. It specifically directed him to "address: 1) when he received the Notice of Appeals Council

---

[1] Jones first applied for supplemental security income on May 22, 2015, the Appeals Council denied his appeal on March 18, 2016, and the District Court affirmed the denial on March 9, 2017. *See Doc.* 8-3 at 20; *Jones v. Berryhill*, No. 2:16-cv-00070-BRW (E.D. Ark. Apr. 29, 2016).

Action from the Office of Appellate Operations, and 2) why he did not file his complaint until August 17, 2020" and "include any evidence he has to support his claims." *Id.* The Court received his response on November 27, 2020, but since Jones gave multiple dates for when he received the Appeals Council Notice, the Court stated in a follow up order that it needed "clarification on when Jones first received this notice, and he should provide a photo of the envelope with the postage date visible if available." *Doc.* 11. It gave him until December 17, 2020 to file this supplemental information. *Id.* To date, Jones has not filed this supplemental information. Now, the Court recommends that Jones's case be dismissed with prejudice for the reasons stated below.

## II. Standard of Review

### a. Rules 12(b)(6) and 12(d)

Under Federal Rule of Civil Procedure 12(d), a motion to dismiss can be treated as one for summary judgment when evidence outside the pleadings is presented. Fed. R. Civ. P. 12(d). In order for the court to treat a motion to dismiss as according to Rule 56, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "[A] party against whom this procedure is used [here, Jones]… is normally entitled to notice that conversion is occurring." *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000). However, "constructive notice that the court intends to consider matters outside of the complaint can be sufficient." *Id.* (citing *Angel v. Williams*, 12 F.3d 786, 788 (8th Cir. 1993)).

While the Commissioner labelled his motion as a Motion to Dismiss, he submitted materials beyond the original pleadings in support of his motion such as a declaration from Dexter Potts who works for the Office of Appellate Operations ("OAO"). *See Doc.* 8-2. Since the Commissioner relied on external evidence to prove the presumptive date of receipt, this Court specifically directed Jones to "include any evidence he has to support his claims" regarding when

he received the Notice of Appeals Council Action and the timeliness of his complaint. *See Doc.* 9. The Court specified further in a follow-up order that it needed "clarification on when Jones first received this notice, and he should provide a photo of the envelope with the postage date visible if available." *Doc.* 11. Since it gave Jones an opportunity to respond to the Commissioner's motion with external evidence, Jones had constructive notice that the Court intended to consider matters outside the complaint. *See Country Club Estates*, 213 F.3d at 1005. Thus, the Court will consider materials outside the pleadings in this decision and resolve the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

**b. Rule 56**

Under Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting *Celotex*, 477 U.S. at 323 (other citations omitted)). This burden may be satisfied by pointing out the absence of evidence to support the non-movant's claims. *See Celotex*, 477 U.S. at 325. The evidence and all reasonable inferences are viewed in the light most favorable to the non-moving party, *see Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 834-35 (8th Cir. 2002), and *pro se* pleadings are more liberally construed than those drafted by an attorney. *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, once the moving party has met its burden, even a *pro se* plaintiff who opposes summary judgment "is not permitted to merely rest on his

pleadings but must instead set forth sufficient evidence from which a reasonable jury could find in his favor on all elements of his claims." *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir. 2006).

**III. Statute of Limitations for Social Security Appeals**

In his motion, the Commissioner argues Jones's complaint should be dismissed for failure to state a claim since he filed it after the statute of limitations had expired. *See Doc.* 8-1 at 2. There is a sixty-day statute of limitations for appeals of Supplemental Security Income (Title XVI) denials in federal court:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Eighth Circuit noted the following with regard to this filing deadline:

> The promulgated regulations, however, are more lenient and provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision 'is received by the individual.' *See* 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481 ('You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's decision.'); *Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1987) (per curiam). The regulations further provide that receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual. *See* 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416.1401 ('Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.'); 20 C.F.R. §§ 404.1715(b), 416.1515(b) ('A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.'). This court has yet to consider the effect of notice received by the individual's attorney on the sixty-day limitations period. We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period.

*Bess v. Barnhart*, 337 F.3d 988, 989-90 (8th Cir. 2003).

Therefore, a claimant usually has sixty days from the receipt of the notice, which is presumed to be five days after the date indicated in the notice, unless he or she can make a

"reasonable showing" that the notice was not received within this presumptive period. This filing requirement "is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled." *Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1987). The Supreme Court has previously explained that the sixty-day limit must be "strictly construed," subject to a consideration of equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Tolling is generally limited to circumstances involving "conduct (by someone other than the claimant) that is misleading or fraudulent," and "ignorance of legal rights does not toll a statute of limitations." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (citations omitted). Where there are "no facts plead or issues raised which might toll the statute," the Court is bound to hold that an action in the district court was untimely filed and thus barred. *Caran*, 834 F.2d at 721.

## IV. Discussion

### a. Presumptive Notice

The date indicated on Jones's Notice of Appeals Council Action ("Notice") is June 8, 2020. *See Doc.* 2 at 5. Thus, unless he can make a "reasonable showing to the contrary," the Court presumes he or his attorney received the Notice on June 13, 2020, five days later. Such a presumption would render his lawsuit untimely since he filed on August 17, 2020—five days after the sixty-day window would have expired. *See Doc.* 2.

In support of his position, the Commissioner attaches a declaration from Dexter Potts, the Acting Chief of Court Case Preparation and Review Branch 4 of the OAO. *See Doc.* 8-2. Potts examined the database which shows the Appeals Council denied Jones's appeal on June 8, 2020, and "[t]he Council sent, by mail addressed to the plaintiff at 921 Columbia St., Helena, AR 72342, with a copy to the representative, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt." *Id.* at 3. Potts

further states that "[a]t the time of signing this Declaration [September 4, 2020], the undersigned is not aware of any request for an extension of time to file a civil action as specified in said notice." *Id.*

As to Jones, it is unclear when he claims to have received this Notice. Part II of the Pro Se Social Security Complaint form asks the following:

> An appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final. When did you receive notice that the Commissioner's decision was final? *(This is likely the date on which you received notice from the Social Security Appeals Council that your appeal was denied.)*

*Doc.* 2 at 3. In response to this, Jones answered "July 10, 2020" but appears to have written this over June 19, 2020. *See id.* In his original complaint, he also attaches a letter dated July 1, 2020 from his attorney, Phillip Allen, who stated he received the Notice and forwarded a copy to Jones. *See Doc.* 2 at 9. In its November 18, 2020 order, the Court directed Jones to address "when he received the Notice of Appeals Council Action from the Office of Appellate Operations" in his response to the Commissioner's Motion to Dismiss. *Doc.* 9. In his response to the Commissioner's Motion to Dismiss, Jones states the following:

> I was not aware of the untimely filing Requesting in behalf of any untimely filing in the mercy of the court I ask that in this response treat this as a timely manner
> …
> On October 12, 2017 when I received the notice of Appeals Council Action from the Office of Appellate Operations Also on August 12 [2020], when I received another notice of Appeals Council Action from the off of Appellate Operations. I have 60 days to file and the following transaction was entered on 8/18/2020 and filed on 8/18/2020. 1995 as well Nov. 13 when I received the notice of Appeals Council Action from the office of Appellate Operations

*Doc.* 10 at 1. With that said, Jones still did not clearly allege when he received this Notice. Some of the dates, such as July 10, 2020 or August 12, 2020, would make his claim timely. However, the Court must also consider when his attorney received the Notice, since notice to claimant's

attorney has the same effect as notice to claimant himself. *See* 20 C.F.R. § 404.1715(b); *Bess*, 337 F.3d at 990. Since his attorney sent him a copy of the Notice on July 1, 2020, he is presumed to have received it when his attorney received it, which would at least be before July 1, 2020.

More importantly, Jones's ambiguous assertions fall far below what is necessary to make a "reasonable showing" that he received the Notice after the presumed date of June 13, 2020. Case law on this issue is clear that a Plaintiff must put forth more than mere allegations that he or she received the notice after the presumed date. *See e.g., Salter v. Colvin*, No. 4:12-cv-888, 2014 U.S. Dist. LEXIS 40969, at *11-12, 2014 WL 1280269, at *4 (N.D. Ohio Mar. 27, 2014) ("Indeed, every court to consider the issue has concluded that plaintiff's bare denial of receipt or assertion of receipt on a particular date, by way of affidavit or otherwise, does not rebut the regulatory presumption of receipt within five days of the notice's date.") (collecting cases); *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356 (S.D. Ala. 2002) ("Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/ or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption.") (collecting cases). The same applies even in cases involving *pro se* plaintiffs. *See Hall v. Colvin*, No. 14-cv-7731, 2015 U.S. Dist. LEXIS 190706, at *9, 2015 WL 13723896, at *4 (S.D.N.Y. Aug. 4, 2015) ("even a pro se plaintiff must 'do more than assert that [he] did not receive the notice within five days.'") (collecting cases).

Jones has not clearly alleged when he received the Notice, and he has presented no evidence, even after the Court's prompting, to support a claim that his filing was timely. Affording Jones the benefit of every reasonable inference from the submitted evidence, the Court must assume he received the Notice by June 13, 2020. So, no genuine issue of material fact exists as to the untimeliness of Jones's lawsuit.

**b. Equitable Tolling**

When a social security complaint is untimely, the sixty-day limit must be "strictly construed," save for circumstances meriting equitable tolling. *See Bowen*, 476 U.S. at 479. Again, the Court directed Jones to address in his response "why he did not file his complaint until August 17, 2020." *Doc.* 9. Jones never requested an extension of time to commence this action, *see Doc.* 8-2 at 3, and has not offered any justification for his delay in filing his complaint. He stated "[he] was not aware of the untimely filing," *Doc.* 10 at 1, but "ignorance of legal rights does not toll a statute of limitations." *Turner*, 862 F.2d at 710. Since he has not pled any facts that might warrant equitable tolling for his untimely action, his action is barred. *See Caran*, 834 F.2d at 721.

**V. Conclusion**

Jones has not set forth sufficient evidence to rebut the presumption that he or his attorney received the Notice within five days of June 8, 2020 or show that circumstances exist to justify equitable tolling.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion to Dismiss (*Doc.* 8), as converted by the Court into one for summary judgment, be GRANTED;
2. Jones's complaint (*Doc.* 2) be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED this 5th day of February, 2021.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE